J. W. Post and Thomas B. Wilson, Plaintiffs, in Error, *v.*
C. W. Gazlay, Defendant in Error.

When depositions or other written evidence have been offered and read to
the jury, it is error in the court to hold that such evidence shall not be
taken by the jury with them on their retirement.

Whatever may have been the practice in other States, or in England, it
always has been the admitted right of the jury in Ohio, at least in the
southern part of the State, to examine, on their retirement, all such evi-
dence as may have been read to them.

Error to Special Term.—The facts appear in the opin-
ion of the court.

*Tilden, Stevenson & Goodman,* for plaintiffs in error.

*W. M. Ramsey,* contra.

Storer, J. The case was submitted on the petition in
error of Post and Wilson. The defendant in error brought
this action, in Special Term, to recover for his services as
an attorney at law, and on the trial the depositions of Post
and Wilson were read and relied on to sustain their de-
fense. A verdict was rendered for Gazlay, and a motion
for a new trial was made and overruled. This court is
asked to reverse this judgment on several grounds, all of
which, except one, the court has had no difficulty in de-
ciding in favor of the defendant in error. It is stated in
the bill of exceptions that the depositions of Post and Wil-
son, though read to the jury without objection, were, on
the motion of Gazlay, withheld from the jury by the order
of the judge who tried the case. This order was excepted
to, and the question is now directly presented whether
the depositions were legally excluded.

They had been read and commented on by counsel, and
professed to contain a statement of the facts upon which
the defense was attempted to be sustained. No objection

had been urged to their admission, either for irregularity in their caption or competency on the part of the deponents; nor does there appear to be any portion of the testimony exceptcd to on the trial as irrelevant. No reason is assigned for the withdrawal of the evidence, and the court is led to conclude it must have been solely on the ground that has sometimes been lately urged, that the jury have no right to take with them the written testimony of witnesses, but must rely on what they have heard read to them, no matter how hastily, by counsel, trusting alone to his accent, his emphasis, or his cadence, and without regard to his neglect of punctuation, as well as possible omissions of important facts; all this, too, when the argument of counsel, whether in the opening or closing of the case, may have claimed one version of the testimony, which is denied by the other to exist, or is modified and limited by his opponent.

The idea of withdrawing depositions from the jury is a modern one in the practice of our courts. For more than half a century one member of this court has been conversant with the practice in all our judicial tribunals, and he has never known the question mooted until now. No case, it is believed, can be found where the point has been so adjudicated in this portion of the State.

The Supreme Court, however, has settled the point in 2 O. S. 592, *Stites* v. *McKibben,* where it is well observed by Judge Ranney, " That having possession of the depositions enables the jury to refresh their recollection of the testimony without the least danger of being misled, and at once settles all differences among them as to what the testimony actually was." This adjudication is decisive, though the power of the court could not be doubted as to the exercise of their discretion to withdraw the entire depositions from the jury, where the depositions contain irrelevant or incompetent evidence, which might confuse the minds of the jury, without the ability on their part to separate the legal from the illegal statements of the wit-

nesses. Judge Ranney takes it for granted that in the English courts depositions are not allowed to go to the jury, but he does not refer to any reported case.

In *Taylor* v. *Webb*, reported in 21 Vin. Ab. 449, as far back as 1653, a new trial was granted on the ground that depositions were allowed to go to the jury, some of which had not been read on the trial. So in Tidd's Practice, it is said, "The jury will not be allowed to take with them any evidence which was not shown to the court." As far back as the case of *Vicary* v. *Farthing*, Cro. Eliz. 411, it was held that writings or books not under seal can not be sent to the jury without consent of parties. But it was, notwithstanding, admitted that a church book, read on trial to prove the non-age of the plaintiff, might be given to the jury.

The American courts have not always sustained the English rule on this question. Judge Washington, in *Lonsdale* v. *Brown*, 4 Wash. C. C. 149, allowed depositions that were read to the jury to be taken by them in their retirement, and does not intimate an objection to the propriety of such a course. So the Supreme Court of Massachusetts decided, in *Hix* v. *Drury*, 5 Pick. 301; and in *Taylor* v. *Sorsby*, Walker's Miss. Rep. 97, the same rule is recognized. Such is the general practice of the courts in our sister States and of the United States. It is founded upon the soundest principles, and has already prevailed in this portion of Ohio as the admitted law.

To forbid the inspection of written testimony by those who are to decide on the merits of the controversy, and to compel them to depend on their memory for what had been read to them, seems to the court not only dangerous, but in the highest degree exceptionable, and they ought not to permit such an invasion upon the long established rule. The judgment in Special Term must be reversed, and the case remanded for further proceedings.

Judgment reversed.